

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,062-02

### EX PARTE CHRIS JOSHUA MEADOUX, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2007-CR-8922-W2 IN THE 289TH DISTRICT COURT
FROM BEXAR COUNTY

*Per curiam. Yeary, J. not participating.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and automatically sentenced to life imprisonment without the possibility of parole in August 2008. The Fourth Court of Appeals affirmed the conviction. *Meadoux v. State*, No. 04-08-00702-CR (Tex. App.–San Antonio Dec. 9, 2009).

Applicant raises ten grounds in his application. While not specifically alleged, it is clear from the record that Applicant's sentence of automatic life without parole violates the Eighth

Amendment of the U.S. Constitution because he was a juvenile at the time of the offense. *Miller v. Alabama*, 132 S.Ct. 2455 (2012). This Court has held that *Miller* applies retroactively in Texas. *Ex parte Maxwell*, 424 S.W.3d 66 (Tex. Crim. App. 2014).

Applicant was sixteen years old at the time of the offense. After being found guilty by a jury, he was automatically sentenced to life in prison without the possibility of parole under the law at the time. Tex. Penal Code §12.31(a)(2007).

The trial court recommends granting relief due to this unconstitutional mandatory sentence. That recommendation is supported by the record. Applicant is entitled to relief.

Relief is granted. The sentence in Cause No. 2007CR8922 in the 289th District Court of Bexar County is set aside, and Applicant is remanded to the custody of the Sheriff of Bexar County for a new punishment hearing to decide between a sentence of life with parole and life without parole. The remaining grounds raised in the application are denied. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 27, 2018

Do Not Publish.